F I L E D
Clerk
District Court

FEB 13 1987

For The Northern Mariana Islands
By
(Deputy Clerk)

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

APPELLATE DIVISION

COMMONWEALTH OF THE NORTHERN )  DCA NO. 86-9011
MARIANA ISLANDS, )
                 )               CTC NO. 81-116
        Plaintiff-Appellant, )
                 )
            vs.  )               OPINION
                 )
DANIEL A. ATALIG, )
                 )
        Defendant-Appellee. )
                 )

Attorney for Appellant:    RAYMOND D. BUSO
                           Ass't. Attorney General
                           CNMI Office of the
                             Attorney General
                           5th Floor, Nauru Bldg.
                           Saipan, CM 96950

Attorney for Appellee:     WILLIAM M. FITZGERALD
                           Fitzgerald, Herald &
                             Bergsma
                           P. O. Box 909
                           Saipan, CM 96950

BEFORE:  LAURETA and KELLER*, District Judges, and MUNSON**

LAURETA, District Judge:

---

*The Honorable William D. Keller, United States District Judge, Central District of California, sitting by designation.

**The Honorable Alex R. Munson, Chief Justice, Trust Territory High Court, sitting pursuant to 48 U.S.C. §1694b.

Daniel Atalig was charged by information with possession of marijuana. He made two motions at trial. The first was for a jury trial and the second was to suppress evidence obtained against him. Both motions were denied. He pleaded nolo contendere, reserving the right to appeal the denial of the two motions.

The Appellate Division of the District Court reversed the trial court's ruling on the jury trial issue and declined to rule on the propriety of the trial court's ruling on the motion to suppress the evidence. The Ninth Circuit reversed the Appellate Division holding that there was no right to a jury trial. The Supreme Court denied Atalig's petition for writ of certiorari. The case was remanded to the trial court with instructions to reconsider the motion to suppress the evidence in light of the Ninth Circuit's decision in Barusch v. Calvo, 685 F.2d 1199 (9th Cir. 1982). The trial court affirmed its previous order denying Atalig's motion to suppress the evidence. Atalig appealed.

The issue presented by this appeal is whether a warrantless search of a person by an agricultural inspection officer pursuant to an agricultural quarantine measure is valid within the constraints of the constitutional prohibitions against unreasonable searches and seizures.

For the following reasons we find that the answer to this question is yes, and we affirm the decision of the trial court.

## I

### FACTS

On June 26, 1981, the Director of the Department of Natural Resources issued a memorandum entitled "Emergency Quarantine." The quarantine placed a prohibition on all shipments of fruits or vegetables from Rota to any other point within the Commonwealth. The discovery of fruit flies on Rota was the justification for this measure. Pursuant to this order, agricultural inspectors on Saipan commenced searching the cargo of every person arriving from Rota.

On September 12, 1981, Atalig arrived at Saipan International Airport on a flight from Rota. He presented two boxes at the customs inspection area to agricultural quarantine inspector Cabrera. Cabrera recognized Atalig as a resident of Rota. Cabrera checked the flight manifest which listed Atalig as having boarded the plane on Rota. Atalig confirmed this, in response to Cabrera's inquiry. Cabrera asked Atalig to open the boxes. Atalig complied. Cabrera found deer meat and five pounds of marijuana inside.

Atalig was charged with possession of marijuana in violation of 63 Trust Territory Code §292(3)(c). He made two motions in the trial court. The first sought a jury trial and the second sought to suppress the evidence obtained at the airport. Both motions were denied. He pleaded nolo contendere and was sentenced to one year imprisonment--- ·suspended except for the first thirty days--- and a $1000.00 fine.

Atalig appealed the denial of both motions to the District Court, Appellate Division. The Court found that Atalig was entitled to a jury trial and reversed the trial court on that issue. The Court declined to rule on the suppression issue. The Ninth Circuit reversed the District Court. The Supreme Court denied Atalig's petition for writ of certiorari. The case was remanded to the trial court with instructions to reconsider Atalig's motion to suppress the evidence in light of Barusch v. Calvo, 685 F.2d 1199 (9th Cir. 1982). The trial court affirmed its earlier denial of the motion to suppress. Atalig appeals that order.

## II

## STANDARD OF REVIEW

An appellate court views the evidence in a light most favorable to the government when reviewing the denial of a motion to suppress evidence. United States v. Sherman, 430 F.2d 1402, 1404 (9th Cir. 1970) cert. denied, 401 U.S. 908 (1971). Where there are no findings of fact and no request has been made for such findings the lower court will be affirmed if there is a reasonable view of the evidence that will sustain it. United States v. Montos, 421 F.2d 215,219 n.1 (5th Cir. 1970), cert. denied, 90 S.Ct. 1262 (1970).

///
///
///
///

# III

## DISCUSSION

Both the United States and the Commonwealth constitutions prohibit government from conducting unreasonable searches and seizures. U.S. Const. Amend. IV; CNMI Const. Art. I, sec. 3; see, Camara v. Municipal Court of the City and County of San Francisco, 87 S.Ct. 1727, 1730 (1967). Generally, a search of private property without proper consent is unreasonable absent a valid search warrant. Camara, 87 S.Ct. at 1731. Excepted from this general rule are administrative searches; for example, agricultural quarantine inspections. United States v. Schafer, 461 F.2d 856 (9th Cir. 1972), cert. denied, 93 S.Ct. 211 (1972).

The facts in Schafer are similar to those herein. There, defendant was subjected to a warrantless agricultural quarantine inspection search before departing Hawaii. The purpose of the search was to discover articles or plant pests that were prohibited from leaving Hawaii. An inspector discovered a grass-like substance he believed to be marijuana inside Schafer's handbag. The inspector called the police, who identified the substance as marijuana. Schafer was arrested and during a subsequent search of his luggage the police found LSD. He challenged the validity of the warrantless search. The district court found that the warrantless search was valid and the Ninth Circuit affirmed.

Borrowing language from Camara, the Ninth Circuit

framed the issue as " 'whether the authority to search should be evidenced by a warrant, which in turn depends in part upon whether the burden of obtaining a warrant is likely to frustrate the governmental purpose of the search'." Schafer, 461 F.2d at 858 (quoting Camara, 87 S.Ct. at 1733). The court found that the inspection was conducted pursuant to a valid regulation. Id. at 858. The purpose of the inspection was to prevent dangerous diseases and insects from leaving Hawaii. The court determined that a warrant requirement would frustrate the purpose of the inspections because of the inordinate delay necessary to obtain one. Id.

The court delineated factors which supported its decision. First, once the decision to inspect was made there was no discretion on the part of the individual inspectors regarding whom to inspect and whom not to inspect. Second, there was no evidence that the inspections were being conducted for purposes other than the agricultural quarantine. Id. at 859.

The inspection of Atalig's packages was conducted pursuant to an Emergency Quarantine Order issued 78 days earlier. The purpose of the quarantine was to prevent fruit flies on Rota from entering Saipan. The order was issued by the Director of the Department of Natural Resources, who had the duty to protect the Commonwealth's agriculture and the authority to promulgate regulations to achieve that end. Atalig does not argue that the order was invalid. Nor does he argue that the inspection was conducted merely as a pretext to carry out a criminal

1012

investigation. There is no evidence in the record that that was its intent. In fact, the trial court specifically found that Atalig was searched only because he had boarded in Rota. Under Schafer, the warrantless search of Atalig's boxes does not offend the mandates of the constitutional prohibition against unreasonable searches and seizures.

Atalig argues that the search was unreasonable and therefore unconstitutional because he did not consent to it. He bases this argument on the fact that he was not given notice on Rota that he would be searched on Saipan. Further, once he arrived on Saipan he was not informed that he could return to Rota and avoid the search. He cites United States v. Davis, 482 F.2d 893 (9th Cir. 1973), in support of this argument. Davis involved the suppression of evidence seized at a pre-boarding security checkpoint. The Ninth Circuit stated that the constitutionality of such searches was dependent upon a passenger's consent to be searched. The court reasoned that consent could be vitiated, however, should the passenger choose not to board the aircraft. Id. at 911. At page 910 the court stated:

> In this and other relevant respects, the airport search program is indistinguishable, for Fourth Amendment purposes, from the warrantless screening of air passengers and their luggage for plant pests and disease approved in United States v. Schafer, 461 F.2d 856 (9th Cir. 1972)(footnote omitted).

A careful reading of Davis illustrates that the language, "[i]n this and other relevant respects", linking

airport screening searches to quarantine inspection searches, refers to the following factors:

1.  Lack of discretion by inspectors concerning whom to search.

2.  Frustration of purpose of the search by a requirement that a warrant first be obtained.

3.  Adequate statutory and regulatory foundations for the programs.

Thus, the court was not saying that these two types of administrative searches should be scrutinized using the same standard, but only that in many respects they were similar.

But Schafer is more akin to the facts herein. In Schafer there was neither consent nor a search warrant. However, the court concluded that the agricultural quarantine inspection search conducted there was valid because it fell within that class of cases which is excepted from the search warrant/consent requirement. We infer from the conclusion drawn in Schafer that consent is not a requirement for an agricultural quarantine inspection and reject on this ground Atalig's consent argument.

Atalig also finds error in the Department of Natural Resources' decision to conduct inspections on Saipan rather than Rota. He asserts that it was more logical to have the baggage checked on Rota than Saipan. This may be true but it does not render the search on Saipan constitutionally infirm. Agriculture inspections are proper whether conducted in the place of the quarantine or in a place of entry outside the area of the quarantine. See, People v. Dickinson, 163 Cal.Rptr. 575, 579

1014

(Ct. App. 1980).

Schafer instructs that agricultural quarantine inspections are an exception to the Fourth Amendment's warrant requirement. We now follow Schafer. For the foregoing reasons, the trial court's decision is AFFIRMED.

_____
JUDGE ALFRED LAURETA

_____
JUDGE WILLIAM D. KELLER

_____
JUDGE ALEX R. MUNSON